[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Paintiffs, Caroline Gordon and Lonzia Gordon, bring this complaint, as amended, in four counts alleging damages resulting from the sale of an automobile by the defendant to the plaintiffs.
The defendant, Christopher Pio, denies the material allegations of the complaint, as amended.
Both parties agree that the defendant and the plaintiff, Caroline Gordon, participated in the sale/purchase of an automobile, and that the defendant provided a thirty (30) day and/or a 1,500 mile warranty as set out in defendant's Exhibit F. Nor, that subsequently the defendant repossessed the automobile.
What is at issue is the defendant's right to the repossession of the automobile and whether the defendant failed to honor the terms of the warranty.
The material facts herein involved are: The plaintiff, Caroline, went CT Page 15727 to defendant's place of business and after dealing with a salesman, Brian, agreed to buy a used 1987 Toyota. She made a down payment and was to pay the balance in monthly installments. The title to the car was placed in Caroline's husband's name, Lonzia Gordon, at Caroline's request. The necessary sales documents and motor vehicle department papers were executed by Lonzia Gordon at the time of the sale. The plaintiff, Caroline, drove off with the car.
Subsequently, the defendant repossessed the Toyota for failure to receive the monthly payments set out in the installment sales contract, Exhibit F.
At the trial on the complaint, the title holder to the Toyota automobile, Lonzia Gordon, was not present. Caroline testified that he was in a hospital in Boston, although no attempt was made to have the trial postponed to permit him to appear; nor, was any medical evidence presented to support her testimony that Lonzia was in fact hospitalized and unable to be present. On the contrary, Caroline testified that she was the real party in interest and actual owner of the car; that she had paid the initial payment and made the installment payments; that, the title was in Lonzia's name because he had automobile insurance. She also testified that she signed Lonzia's name to the various title documents at the time of the purchase of the Toyota.
The defendant testified that the documentation was prepared by his salesman, Brian, that he, the defendant, was called to examine and approve the sales papers when they were completed. He noted that Caroline's name was not on the documents and was told that Lonzia was named the title holder. Since there was a male accompanying Caroline, he assumed that the male was Caroline's husband, Lonzia, and was the person who signed the documents.
At the trial, Caroline testified that at the time of the purchase of the Toyota she was accompanied by a male friend and not her husband. She did not identify him in more detail. Thus, a threshold question raised was the absence of Lonzia, the title holder to the automobile, and a named plaintiff who was subject to being defaulted for failure to appear for trial. Further, was the plaintiff, Caroline, as the remaining plaintiff, qualified to press for either or both plaintiffs a damages claim relating to the automobile?
The court finds that the plaintiff, Lonzia, is a plaintiff in this action; that he failed to appear for the scheduled trial; that he made no attempt to have the trial continued so that he could appear; nor did he provide to the court any reason for not appearing. The co-plaintiff and wife of Lonzia reported him to be in a hospital in Boston, but provided CT Page 15728 no substantiated medical basis for his failure to appear. On the contrary she testified that he was not a real party in interest since she negotiated the purchase of the automobile and made all payments toward the purchase price; and, even signed his name to the documents so that there would be insurance coverage on the automobile.
The court thus determines that the plaintiff, Lonzia Gordon, did not appear for the herein scheduled trial and did not provide a valid basis for not appearing. Therefore, the court defaults him for failure to appear for trial.
As to the plaintiff, Caroline Gordon's claim to be the real party in interest and the person who purchased the automobile and made the payments on it, the court finds insufficient evidence presented to support her allegations. It is true that she negotiated the purchase; however, a man accompanied her at these negotiations and during the execution of the various documents for the sale, financing and registration of the automobile. The defendant testified that he understood that this man was the husband of Catherine, and the fact that the automobile was registered in his name alone was nothing out of the ordinary, especially since he was to provide the insurance coverage.
Further, if, as Catherine claims, that it is she and not her husband that is the real party in interest herein, then documentation to that effect could have been provided to the court. In addition, to support her position that she signed her husband's name to the documents and that he was not present at the execution of those documents, evidence to that effect could have been provided by the man who did accompany her at that time or at least a reasonable explanation why he was not available to testify.
Thus, the court finds that the plaintiff, Catherine Gordon, is not the owner of the Toyota automobile legally or in fact; that, she has no claim resulting from ownership of that automobile herein at issue as against the defendant, Christopher Pio, d.b.a.
Therefore, Judgment may enter on the plaintiffs' complaint for the defendant and against the plaintiffs, together with court costs.
Kremski, J.T.R.